UNITED STATES DISTRICT COURT

Eastern District of Arkansas

Lawrence Aponte, Plaintiff,

V.

Portfolio Recovery Associates, LLC, Defendant.

4:24-cv-1053-DPM

Civil Action No. _____ COMPLAINT

This case assigned to District Judge __Marshall__
and to Magistrate Judge __Kearney__

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 29 2024

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

## Introduction

Plaintiff Lawrence Aponte ("Plaintiff"), by and through undersigned counsel, brings this action against Portfolio Recovery Associates, LLC ("Defendant" or "PRA") for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Plaintiff alleges as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 as this action arises under federal law.
2. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to this action occurred within this jurisdiction, Plaintiff resides in this jurisdiction, and Defendant conducts business in this district.

## Parties

3. Plaintiff Lawrence Aponte is a natural person residing at 1920 Scott St Apt A, Little Rock, AR 72206-2390, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant Portfolio Recovery Associates, LLC is a debt collection agency with its principal place of business at 120 Corporate Boulevard, Norfolk, VA 23502, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Facts

5. On or about June 17, 2021, Defendant acquired a debt allegedly owed by Plaintiff from Capital One Bank (USA), N.A.

6. Defendant has been attempting to collect the alleged debt from Plaintiff, which arises out of a consumer transaction as defined under 15 U.S.C. § 1692a(5).

7. Plaintiff disputed the alleged debt with Defendant on several occasions, including through a complaint filed with the Consumer Financial Protection Bureau (CFPB), citing concerns over the validity of the debt and Defendant's authority to collect in Plaintiff's state.

8. Defendant failed to provide sufficient validation of the alleged debt, as required by 15 U.S.C. §1692g(b). The documents Defendant provided, including a single billing statement, do not establish the debt's validity or demonstrate Plaintiff's obligation under the original agreement.

9. Defendant failed to notify all three consumer reporting agencies (Equifax, Experian, and TransUnion) that the debt was disputed, in violation of 15 U.S.C. § 1692e(8), which prohibits the communication of false or misleading information about the debt.

10. Defendant is inaccurately reporting the debt to consumer reporting agencies by failing to reflect Plaintiff's dispute, which misleads third parties reviewing Plaintiff's credit reports. Such reporting constitutes false, deceptive, and misleading representation in violation of 15 U.S.C. § 1692e(2)(A) and § 1692e(8).

11. Defendant has failed to address Plaintiff's requests for evidence of its licensing status in Plaintiff's state, potentially violating 15 U.S.C. § 1692e(5) by threatening or attempting to collect a debt without lawful authority.

12. The balance Defendant seeks to collect, $1,274.23, exceeds the credit limit on the account ($1,000) without proper explanation of how the balance was calculated. Defendant's failure to substantiate the additional charges constitutes an attempt to collect an amount not expressly authorized by the agreement or permitted by law, in violation of 15 U.S.C. § 1692f(1).

13. Defendant's conduct has caused Plaintiff emotional distress, frustration, and undue burden in addressing Defendant's collection practices.

**Counts**

Count I - Violation of 15 U.S.C. § 1692g(b)

14. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.
15. Defendant failed to properly validate the alleged debt after Plaintiff disputed it, instead providing insufficient documentation that failed to demonstrate the validity of the debt or Plaintiff's obligation to pay.

16. Such actions constitute a violation of 15 U.S.C. § 1692g(b).

Count II - Violation of 15 U.S.C. § 1692e(8)

17. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

18. Defendant failed to notify all three consumer reporting agencies that the alleged debt was disputed, which constitutes the communication of false and misleading information.

19. Such actions violate 15 U.S.C. § 1692e(8).

Count III - Violation of 15 U.S.C. § 1692e(2)(A)

20. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

21. Defendant falsely represented the character, amount, and legal status of the alleged debt by inaccurately reporting the debt on Plaintiff's consumer reports without including the dispute.

22. Such actions constitute a violation of 15 U.S.C. § 1692e(2)(A).

Count IV - Violation of 15 U.S.C. § 1692e(5)

23. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

24. Defendant falsely represented or implied that it was authorized to collect the alleged debt in Plaintiff's state without providing evidence of proper licensing, as required under state law.

25. Such actions constitute a violation of 15 U.S.C. § 1692e(5).

Count V - Violation of 15 U.S.C. § 1692f(1)

26. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

27. Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law by failing to explain how the balance of $1,274.23 exceeded the credit limit of $1,000.

28. Such actions constitute a violation of 15 U.S.C. § 1692f(1).

Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for the following relief:

a. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
b. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
d. An order requiring Defendant to correct inaccurate reporting to all relevant credit reporting agencies, reflecting Plaintiff's dispute;
e. An order requiring Defendant to cease collection efforts until full validation is provided and proper notification of the dispute is made to all relevant credit reporting agencies;
f. Any other relief the Court deems just and proper.

Jury Demand
Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/
Lawrence Aponte
1920 Scott St Apt A
Little Rock, AR 72206-2390
flex2264@gmail.com

L. Aponte
1920 Scott St #A
L.R. AR. 722

**CERTIFIED MAIL**

9589 0710 5270 2150 2516 43

Retail





72201

RDC 99

U.S. POSTAGE PAID
FCM LETTER
LITTLE ROCK, AR 72206
NOV 27, 2024

$6.14

S2324H504066-20

Richard Sheppard Arnold U.S. Courthouse
500 West Capitol Ave
Little Rock AR 72201