IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAWRENCE APONTE**                                                                 **PLAINTIFF**

v.                                     No. 4:24-cv-1053-DPM

**PORTFOLIO RECOVERY
ASSOCIATES, LLC**                                                                 **DEFENDANT**

PROTECTIVE ORDER

1.  Confidential information is information that is normally kept secret and that derives independent value from being kept secret. Examples of confidential information include social security numbers, medical information, trade secrets, and other confidential research, development, or commercial information.

2.  When designating information as confidential, the parties must make every effort to limit claims of confidentiality to specific citations—such as sentences, paragraphs, or pages—rather than entire documents or large page ranges.

    a.  To designate documentary information—such as paper or electronic documents but excluding deposition transcripts—as containing confidential information, the producing party must conspicuously mark each page that contains confidential information with the word "CONFIDENTIAL." If only a portion or portions of the

material on a page qualifies for protection, the designating party also must clearly identify the confidential portion(s) (e.g., by making appropriate markings in the margins).

 **b.** To designate an interrogatory answer as confidential, the answering party must insert the word "CONFIDENTIAL" in brackets at the beginning of each answer claimed to contain confidential information.

 **c.** To designate all other information or items as confidential, the designating party must conspicuously affix the word "CONFIDENTIAL" to the portion or portions of the information or items that warrants protection under this Order. If timely corrected, a party's inadvertent failure to designate information or items as confidential does not, standing alone, waive the party's right to secure protection under this Order for such material.

 3. The designating party has the burden to show designated information is confidential, but the receiving party must treat as confidential all designated information until the designating party removes its designation or the Court rules that the information is not confidential. If the parties cannot agree on a designation or otherwise have a dispute arising under this Order, the parties must follow the

procedures for resolution of a discovery dispute provided in the Court's operative scheduling Order.

> **a.** Counsel must confer in good faith, in person or by video conference, before bringing any dispute arising under this Protective Order to the Court. A party or other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after an objection, the parties and any other objecting person(s) shall confer in good faith, and in person or by video conference, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

4. Confidential information shall be used only for the purpose of this litigation. Confidential information may not be given, shown, made available, or communicated to anyone except the following:

    a. the Court and its staff;

    b. the parties in this case, including a party's officers, directors, partners, managers, members, employees, and independent contractors;

    c. counsel of record for any party in this case, including other attorneys and support personnel in counsels' law firms and third parties engaged for litigation support;

    d. experts and consultants—including their employees, associates, and support staff—retained by a party for the preparation or trial of this case;

    e. witnesses who may give deposition or trial testimony in this case and to whom disclosure is reasonably necessary;

    f. court reporters, videographers, and other support staff engaged for depositions;

    g. the original author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    h. any other person for whom the designating party provides prior, written consent; and

    i. any other person as this Court may order.

When giving confidential information to anyone, other than the individuals in subsections (a)–(c), the disclosing party must provide the recipient with a copy of this Order.

5.   The parties agree to comply with Federal Rule of Civil Procedure 5.2.  Under this rule, the parties will redact private information prior to filing, including an individual's social security number, taxpayer identification information, birth dates, financial account information, and name(s) of minor individual(s).  If an entire page in any paper contains confidential information, substituting a page marked "Redacted" is an acceptable redaction method.  If redaction is impracticable, a party must move for permission to file any confidential information, or any related motion, brief, or paper containing that material, under seal.  The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

6.   This Order shall remain in effect for exactly one year after the conclusion of this case, including any appeal.  Any party seeking to enforce this Order, seeking to enforce any future Order, or claiming a breach may do so by noticed motion for contempt or other appropriate sanctions provided by law.  After one year following the conclusion of litigation, the obligations this Order imposes shall continue, but shall be solely a matter of contract between and among the parties.

7.     Within 60 days of the final resolution of this case—including any appeals—the receiving party must return or destroy and, if applicable, permanently delete from all databases all information designated as confidential.  However, counsel of record may retain a copy of any confidential information that has been filed with the Court.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

17 April 2025